*1092 OPINION.
Korner, Chairman:
The first question presented by the record in ' this appeal is whether or not The Baird Machine Co., the Portland *1093 Foundry Co., and the Autoyre Co. were, during the years 1919 and 1920, affiliated within the purview of section 240 of the Revenue Act of 1918, and entitled to file consolidated tax returns.
The taxpayer contends that it owned directly or controlled through closely affiliated interests, during the years 1919 and 1920, substantially all of the stock of the Foundry Company and the Autoyre Co.r and that the three companies should be permitted to file consolidated returns for those years. The Commissioner contends that the taxpayer did not own or control substantially all of the stock of the two subsidiary companies.
This Board has held that the control contemplated by the statute is not limited to technical legal control, but is practical or actual control, regardless of whether or not it is based on legally enforceable means. Appeal of Isse Koch & Co., Inc., 1 B. T. A. 624; Appeal of Hagerstown Shoe & Legging Co., 1 B. T. A. 666; Appeal of Gamon Meter Co., 1 B. T. A. 1124.
We are of the opinion, from the evidence in this appeal, that the Machine Company owned directly or controlled through closely affiliated interests substantially all of the stock of the Foundry Company and the Autoyre Co. It owned outright 83.67 per cent of the voting stock of the Foundry Company and 63.4 per cent of the voting stock of the Autoyre Co.; in addition, it had actual possession of and directly controlled, by means of written agreements, 11.83 per cent of the stock of the Foundry Company and 24.4 per cent of the stock of the Autoyre Co. The remainder of the voting stock of the Foundry Company, amounting to 4.5 per cent of the total number of shares outstanding, was owned and held by the taxpayer’s assistant secretary. The stock in the Autoyre Co., in the amount of 12.2 per cent, not owned by the taxpayer or held and directly controlled by it under the purchase agreements, was owned by Peasley, the taxpayer’s attorney, and Cowles, the president of the Autoyre Co. Peasley’s stock had been given to him by the taxpayer merely to qualify him as a director of the corporation. He was employed as counsel for the taxpayer. The Machine Company induced Cowles to become president of the Autoyre Co. and take stock therein, with the understanding that he should take no active part in the business. He held his office at the pleasure of the Machine Co. We are of the opinion that the “ interests ” involved here were “ closely affiliated interests,” within the meaning of the statute as construed by this Board in the Appeal of Rishell Phonograph Co., 2 B. T. A. 229, 232-233.
In view of the foregoing, it is our opinion that in the years 1919 and 1920, the Machine Company owned directly or controlled through closely affiliated interests substantially all of the stock of the Foundry Company and the Autoyre Co., and that, under the *1094 provisions of section 240(b) of the Revenue Act of 1918, they were affiliated corporations and are entitled to have their tax liability for those years computed and determined on the basis of consolidated returns.
In its petition the taxpayer alleges that it is entitled to deductions for the years 1919 and 1920 on account of exhaustion of patents owned by it and used in its business. The evidence establishes that the taxpayer in those years owned and used four patents which it had acquired prior to March 1, 1913. However, no evidence was presented as to the cost of the patents in question or as to their value on March 1, 1913. There is no evidence whatsoever before the Board from which it can find that the taxpayer is entitled to any deduction in the years 1919 and 1920 on account of exhaustion of patents. The Commissioner’s action in denying the taxpayer’s claim to these deductions is therefore approved.